# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**MOTION TO STAY**<br><br>**This Document Relates to**<br>**Case No. 2:18-cv-03358-RMG** |

### UNITED STATES OF AMERICA'S MOTION
### TO STAY PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS

Defendants United States of America, the U.S. Department of Defense, the U.S. National Guard Bureau,[1] and the U.S. Air Force (collectively, the "United States"), by their attorneys, hereby move for a stay of proceedings in the matter captioned City of Newburgh v. United States of America, et al., No. 2:18-cv-03358-RMG.

1. At the end of the day on December 21, 2018, the appropriations act that had been funding the U.S. Department of Justice and the U.S. Attorney's Offices expired and appropriations to the Department lapsed. Counsel for the United States does not know when funding will be restored by Congress.

2. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. As a result, attorneys from the Civil Division of the U.S. Attorney's Offices for the Southern District of New York and the District of South Carolina, and from the Civil Division of the

---

[1] The complaint misidentifies this agency as the "U.S. Air National Guard Bureau."

Department of Justice, have largely been furloughed, except for tasks falling within exceptions permitted by statute.

4. The United States therefore requests that the Court enter an order staying the action captioned *City of Newburgh v. United States of America et al.*, No. 2:18-cv-03358 (RMG), for the duration of the lapse in appropriations, or, alternatively, providing that all litigation deadlines and hearing dates—including any deadline for responsive pleadings, and attendance at the initial status conference in February 2019, *see* Case Management Order No. 1, No. 2:18-mn-02873 (RMG), Dkt. No. 3; No. 2:18-cv-03358 (RMG), Dkt. No. 184—be stayed or adjourned as to the United States until funding is restored.

5. If this motion for a stay is granted, undersigned counsel will notify the Court once Congress has appropriated funds for the Department of Justice. The United States requests that, at that point, all deadlines for the parties be extended commensurate with the duration of the lapse in appropriations.

6. In the event Your Honor declines to enter a stay, the United States respectfully requests that the Court notify the undersigned counsel in order that the Department of Justice can seek to make appropriate efforts to address this matter in conformity with applicable law.

7. Once funding to the Department of Justice is restored, the United States expects to file motions seeking two distinct forms of relief. First, because the claims against the federal government are fundamentally distinct—both factually and legally—from the majority of claims subject to this multi-district proceeding, the United States intends to request that the Court sever the claims against the federal government pursuant to Federal Rules of Civil Procedure 21 and 42, and issue a suggestion of remand for those claims back to the Southern District of New York pursuant to 28 U.S.C.

§ 1407(a).[2]  Second, and alternatively, the United States intends to move the Court to dismiss the claims against the federal government pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), because all of the claims against the federal government—under the Resource Conservation and Recovery Act, the Clean Water Act, and the Comprehensive Environmental Response, Compensation, and Liability Act, and common law—are barred by sovereign immunity, precluded by statute, and/or fail to state a claim to relief.

8.      Therefore, although we greatly regret any disruption to the Court and the other litigants, the United States hereby moves for a stay of proceedings in this matter until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

9.      In accordance with Rule 7.02 of the Local Civil Rules of this Court, counsel for the United States has conferred with counsel for the City of Newburgh regarding this request. The City of Newburgh does not object to the United States' request for an order staying or adjourning litigation deadlines and hearing dates as to the United States until funding is restored, but does object to an order staying the *City of Newburgh* action in whole, or further staying or adjourning litigation deadlines or hearing dates for other defendants.

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

By:    *s/Barbara M. Bowens*
       BARBARA M. BOWENS (#4004)
       Assistant United States Attorney
       1441 Main Street, Suite 500
       Columbia, South Carolina 29201

---

[2] The City of Newburgh recognizes the distinctions relevant to these claims in its letter dated January 16, 2019, in which it seeks "the creation of a separate track" for its "site-specific environmental claims," which will involve "evidentiary and legal issues" that are "significantly different" from its products liability and other claims against manufacturers and distributors. *See* Letter dated Jan. 16, 2019, No. 2:18-mn-02873 (RMG), Dkt. No. 8; No. 2:18-cv-03358 (RMG), Dkt. No. 187.

|  |  |
|---|---|
|  | GEOFFREY S. BERMAN |
|  | United States Attorney for the |
|  | Southern District of New York |
| By: | ROBERT WILLIAM YALEN |
|  | SAMUEL DOLINGER |
|  | ARASTU K. CHAUDHURY |
|  | Assistant United States Attorneys |
|  | 86 Chambers Street, Third Floor |
|  | New York, New York 10007 |
|  | Tel.: (212) 637-2722/2677/2633 |
|  | E-mail:   robert.yalen@usdoj.gov |
|  |          samuel.dolinger@usdoj.gov |
|  |          arastu.chaudhury@usdoj.gov |

January 23, 2019

4