IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

_____

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873 RMG<br><br>This Document Relates to:<br>No. 2:18-cv-03358<br>No. 2:19-cv-02219 |

_____

## ATLANTIC AVIATION FBO HOLDINGS LLC'S STATEMENT OF AFFIRMATIVE DEFENSES

Defendant/third-party defendant Atlantic Aviation FBO Holdings LLC ("Atlantic Aviation"), by and through its undersigned counsel, and pursuant to the Court's instructions at the July 26, 2019 status conference, hereby submits this general statement of affirmative defenses in response to the Complaint and Third-Party Complaint (collectively, the "Complaints") filed in the above-referenced actions by the City of Newburgh (referred to herein as "Plaintiff").

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Atlantic Aviation denies generally and specifically each and every allegation set forth in the Complaints, and the whole thereof, and each and every alleged cause of action therein, and Atlantic Aviation demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by law. Atlantic Aviation reserves its rights to assert cross-claims and/or third-party claims.

## AFFIRMATIVE DEFENSES

Atlantic Aviation asserts the following affirmative defenses in response to the allegations in the Complaints:

1. The Complaints, and each cause of action or count alleged therein, fail to state facts sufficient to constitute a claim upon which relief may be granted against Atlantic Aviation.

2. The claims in the Complaints are barred or limited for lack of standing.

1

3. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the applicable statutes of limitations.

4. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the applicable statutes of repose.

5. The Complaints, and each cause of action or count alleged therein, fail to join necessary parties.

6. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, because Atlantic Aviation is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

7. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, by the doctrine of laches.

8. The Complaints, and each alleged claim contained therein, are barred, in whole or in part, because Plaintiff is not the real party in interest or lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens and/or customers and claims brought as *parens patriae*.

9. Plaintiff's claims are not ripe and/or have been mooted.

10. Plaintiff's claims are or may be barred, in whole or in part, to the extent the Plaintiff has failed to exhaust administrative remedies.

11. Plaintiff may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaints.

12. Plaintiff may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaints.

13. Plaintiff may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaints.

14. Any injuries and/or damages sustained by Plaintiff may have been caused or contributed to by the negligence or actual conduct of Plaintiff and/or other persons, firms, corporations, or entities over whom Atlantic Aviation had no control or right of control and for whom Atlantic Aviation is not responsible.

15. Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

16. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

17. Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seek to recover.

18. Plaintiff's claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

19. Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, required, ratified, or were aware of and acquiesced in actions by Atlantic Aviation that are the subject of Plaintiff's claims. Atlantic Aviation is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

20. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

21. Plaintiff's claims are or may be barred, in whole or in part, under the doctrine of federal preemption, including without limitation express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal

agencies, or the executive branch, including, without limitation, to the extent Plaintiff's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

22. Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Atlantic Aviation, and in the event that Atlantic Aviation is found to be liable to Plaintiff, Atlantic Aviation will be entitled to indemnification, contribution, and/or apportionment.

23. Atlantic Aviation asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Atlantic Aviation based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

24. Plaintiff's claims against Atlantic Aviation are barred or limited by the economic loss rule.

25. Atlantic Aviation does not own, lease, or operate any property referenced in the Complaints.

26. Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

27. Plaintiff's Complaints are barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

28. Atlantic Aviation asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

29. Atlantic Aviation adopts by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

30. Atlantic Aviation adopts by reference any additional applicable defense asserted by Defendants prior to transfer in any case transferred to this MDL.

Atlantic Aviation does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative and none constitutes an admission that Atlantic Aviation is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Atlantic Aviation reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action, (ii) rely upon any other defenses set forth in any answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated: October 31, 2019

DLA PIPER LLP (US)

_____
Robert J. Alessi
Jeffrey D. Kuhn
*Counsel to Defendant/Third-Party Defendant Atlantic Aviation FBO Holdings LLC*
1251 Avenue of the Americas
New York, New York 10020
212.335.4864
robert.alessi@us.dlapiper.com
jeffrey.kuhn@us.dlapiper.com

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all known counsel of record via the CM/ECF system on this 31st day of October 2019.

_____
Jeffrey D. Kuhn, Esq.